UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 02-8062?

ALLIANCE FOR ADA COMPLIANCE, INC.,
and JOHN GARON,

   Plaintiffs,

CIV-RYSKAMP

MAGISTRATE JUDGE
VITUNAC

vs.

TARGET CORPORATION,

   Defendant.
_____/ <u>INJUNCTIVE RELIEF SOUGHT</u>

# COMPLAINT

  Plaintiffs, ALLIANCE FOR ADA COMPLIANCE, INC., and JOHN GARON, by and through the undersigned counsel, hereby sue the Defendant, TARGET CORPORATION, for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C §12181, *et seq.* (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and allege as follows:

## JURISDICTION

  1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiffs' claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA (<u>see also</u>, 28 U.S.C. §§2201 and 2202).

## PARTIES

  2. Plaintiff, GARON, is a resident of the State of Florida and this judicial district, is sui juris, and is disabled as defined by the ADA and substantially limited in performing one or more



major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or his full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

3. ALLIANCE FOR ADA COMPLIANCE, INC., is a non-profit Florida corporation. The members of this organization include GARON and other individuals with disabilities as defined by the ADA. This organization's purpose is to represent its members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, GARON, and other members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant is compelled to remove the physical barriers to access and comply with the requirements of the ADA. The organization has also been discriminated against because of its association with its disabled members and their claims.

4. Plaintiffs have suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

5. Defendant transacts business in the State of Florida and within this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Target, located at 9905 Southern Blvd., West Palm Beach, Florida (hereinafter, the "Facility").

2

## FACTUAL ALLEGATIONS AND CLAIM

6.     On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the "ADA"), 42 U.S.C. §12101, *et seq.*

7.     Congress found, among other things, that:

   (i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii)  discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

   (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

8.     Congress explicitly stated that the purpose of the ADA was to:

   (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities,

3

  (ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

10. The Facility is a public accommodation and service establishment.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. § 36.508(a).

12. The Facility must be, but is not, in compliance with the ADA and ADAAG.

13. Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this

4

Complaint.

14. Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, including utilizing parking and restroom facilities, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint

15. Defendant has discriminated against Plaintiffs and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiffs and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiffs.

16. Defendant has discriminated against Plaintiffs by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiffs' ability (because of their disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

    a. There is no accessible route from the street or the sidewalk to the Facility, as required by ADAAG 4.1.2(1), thereby restricting and/or limiting Plaintiffs' ability to access

5

      the Facility and use the public parking at the Facility.

b. There are an insufficient number of accessible parking spaces for disabled individuals, as set forth in ADAAG Section 4.1.2(5), thereby restricting and/or limiting Plaintiffs' ability to access the Facility and use the public parking at the Facility.

c. The parking spaces designated as accessible are not properly dispersed and located closest to the accessible entrances of the Facility. ADAAG 4.6.3.

d. There is not an accessible path from the existing parking spaces designated as accessible to the Facility due to a change in level of greater than ½ inch (approximately 6 inches) where the route meets the walkway in front of the building, in violation of ADAAG Section 4.6.3, thereby restricting and/or limiting Plaintiffs' ability to access the Facility and creating a dangerous and unnecessary condition.

e. The existing parking spaces are configured so that the disabled patron must go behind parked vehicles and into the path of vehicular traffic to access the entrances to the Facility, as prohibited by ADAAG Section 4.6.2, Figure 9 and the Florida Accessibility Code, thereby restricting and/or limiting Plaintiffs' ability to access the Facility and creating a dangerous and unnecessary condition.

f. The curb cuts at the Facility are inaccessible in that they are not located on an accessible route from the parking spaces which are designated as accessible, and required disabled persons to traverse traffic to access them, as required by ADAAG Sections 4.6.2 and 4.1.2(5), thereby restricting and/or limiting Plaintiffs' ability to access the Facility and creating a dangerous and unnecessary condition.

g.  The restrooms are inaccessible and do not provide the appropriate maneuvering clearances for a wheelchair user. ADAAG Sections 4.13, 4.16, Figure 30(a) and 4.19, thereby restricting and/or limiting Plaintiffs' ability to use the restrooms.

17. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiffs and/or which exist at the Facility. Plaintiffs require an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

18. Plaintiffs have attempted to gain access to the Facility, but because of their disability have been denied access to, and have been denied the benefits of services, programs and activities of the Facility, and have otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the future by Defendant because of Plaintiffs' disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

19. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. § 36.304.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

21. Plaintiffs have been obligated to retain the undersigned counsel for the filing and prosecution of this action, and have agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

7

22.     Plaintiffs have been obligated to retain an expert witness for the filing and prosecution of this action, and have agreed to pay said expert reasonable expert's fees and costs from Defendant pursuant to 42 U.S.C. §§ 12205, 12117 and 42 U.S.C. §1988.

23.     Pursuant to 42 U.S.C. §12188(a), this Court is provided authority to grant injunctive relief to Plaintiffs, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiffs respectfully request that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiffs their reasonable attorneys' fees, expert fees, costs and expenses incurred in this action.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Plaintiffs

TODD W. SHULBY
Florida Bar No.: 068365

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**02-8062**

**CIV-RYSKAMP**

**MAGISTRATE JUDGE VITUNAC**

## I. (a) PLAINTIFFS

ALLIANCE FOR ADA COMPLIANCE, INC. and JOHN GARON,

## DEFENDANTS

Target Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-463-2001
Todd W. Shulby, Esq./Whitelock & Associates, PA
300 S.E. 13th Street, Fort Lauderdale, Florida 33316

ATTORNEYS (IF KNOWN)

9:02cv 80627 KLR/AEV

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 5 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | A LABOR | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | B SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS – Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Americans with Disabilities Act, 42 U.S.C. section 12181, et seq.

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 7/3/02  7/5/02

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 25629  AMOUNT 150.00  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___